**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 9, 2006**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN ARANDA-BRIONES,

Defendant-Appellant.

No. 05-2294
(D.C. No. CR-05-458 MCA)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **HENRY**, **EBEL**, and **BRISCOE**, Circuit Judges.


Defendant Martin Aranda-Briones pled guilty to illegally reentering the
country following removal after conviction of an aggravated felony, in violation
of 8 U.S.C. § 1326(a), (b)(2). His plea agreement states that he "knowingly
waives the right to appeal any sentence within the statutory range applicable to
the statute(s) of conviction." Plea Agreement at 5 (dated Mar. 21, 2005). The

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court imposed a sentence of forty-six months, well within the twenty-year maximum specified in § 1326(b)(2). The court also imposed a two-year term of supervised release, again within the statutory maximum term of three years. *See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). Contemplating defendant's removal after his release from confinement, the court did not designate standard conditions of supervised release but did specify as a special condition that the defendant not reenter the United States without legal authorization.

Defendant appealed and, in his opening brief, raised one issue: "Was the imposition of a term of 'unsupervised supervised release' unreasonable?" Aplt. Opening Br. at 1. The government moved to enforce the appeal waiver in defendant's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). Defendant, through counsel, has responded and "concedes that the motion is enforceable." Aplt. Resp. to Mot. to Enforce Plea Agreement at 1.

Accordingly, we GRANT the government's motion and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM